Peter Bibring, SBN 223981
peter@bibringlaw.com
LAW OFFICE OF PETER BIBRING
2210 W. Sunset Blvd. #203
Los Angeles, CA 90026
(213) 471-2022

Matthew Strugar, SBN 232951
matthew@matthewstrugar.com
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(323) 696-2299

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| LEXIS-OLIVIER RAY,<br><br>PLAINTIFF,<br><br>v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>DEFENDANTS. | Case No. CV 25-08938-ODW (JCx)<br><br>**JOINT STIPULATION TO AMEND SCHEDULING AND CASE MANAGEMENT ORDER [Dkt. No. 38]** |

To the Honorable Court, all parties, and their attorneys of record:

As set forth below, the parties hereby stipulate and jointly request the Court to amend the Scheduling and Case Management Order (Dkt. No. 38) to extend discovery cut-off and pretrial dates by approximately ten weeks. The parties have not previously requested any amendment of the discovery cut-off and subsequent pretrial dates, but do so now on grounds that the five separate incidents in this case have generated voluminous documents,

## I. PROCEDURAL HISTORY

Plaintiffs filed this action on September 18, 2025, naming the City of Los Angeles (the "City") and twelve officers of the Los Angeles Police Department as defendants. The last Defendant to file his answer in this action did so on February 17, 2026 (Dkt. No. 35), and the Court issued its Scheduling and Case Management Order (Dkt. No. 38) on March 2, 2026, setting dates including the close of fact discovery on October 9, 2026, and the disclosure of experts on September 25, 2026.

The parties requested a continuation of the deadline to amend the complaint to add Doe Defendants (Dkt. No. 49), which the Court granted (Dkt. No. 50), but that request did not affect any other dates, including the dates the Parties seek to continue.

## II. GOOD CAUSE EXISTS TO AMEND THE SCHEDULING ORDER

The Parties request this continuance to allow additional time for fact and expert discovery, and in particular to allow the parties to complete production of documents from multiple City agencies across five incidents in order to efficiently complete depositions of the multiple Defendants.

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the Court's scheduling order should only be continued "for good cause." Inherent in the flexibility of Rule 16's "good cause" standard, is the understanding that Scheduling Orders must strike the balance between efficiency and foreseeability. Good cause "primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party

seeking the extension."" Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). (*Johnson v. Mammoth Recreations, Inc*. 975 F.2d 604, 609(9th Cir. 1992).) The court in *Johnson* established that good cause is found where the movant's noncompliance with the Scheduling Order occurs as a result of "matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." (*Id.*)

The parties have co-operated and worked diligently to attempt to complete discovery by the present deadline. The parties exchanged initial disclosures, and Plaintiff propounded his first set of requests for production, in January 2026.

Plaintiff supplemented his initial disclosures on February 10, 2026, by producing 91 videos of the incidents that are the subject of this litigation. Due to the voluminous responsive documents from six separate incidents, and the need for review and redaction of police records, the parties agreed to extensions on Defendants' production, and the Defendants produced records on April 2, 2026, including 102 video files from police body-worn cameras and digital in-car video, as well as 9 audio files, ranging in length from a few minutes up to about an hour. However, the parties have been meeting and conferring on further production pursuant to these requests, including requests for communications that are time-consuming to search and requests that require responses from multiple City departments, requiring considerable time to co-ordinate a complete response. Plaintiff propounded additional requests in part to focus these requests, on August 14 and 20, 2026, for which the City provided some documents in response on September 14, 2026. The City has represented it is attempting to determine if it can further supplement its responses by September 25, 2026.

Although counsel began conferring regarding deposition schedules in early May, between the trial schedule of counsel and the availability of the officer Defendants (including medical unavailability of a key Defendant, Sgt. Alpert), and Plaintiff's expressed need the need for outstanding documents from the Department of Sanitation, the parties were unable to schedule depositions of key Defendants July 8 and the

deposition of Davon McCoy on September 16. The parties have scheduled depositions of four other defendants (McCoy, Alpert, Acosta, and Choi) for late September and early October, and begun discussions on topics for Plaintiff's deposition of the City pursuant to Fed. R. Civ. P. 30(b)(6). However, to conduct the depositions of Choi and the City efficiently, with the supplemental documents, and in order to schedule the deposition of remaining Defendants, the parties require an extension of the fact discovery cut-off.

Because Plaintiff's counsel has briefing on two dispositive motions in October and will be in trial in federal court in San Diego beginning November 16, 2026, and Defendants' counsel will be unavailable the first week of December, the parties have stipulated to and jointly request an extension of fact discovery to December 18, 2026, to allow production of documents and scheduling of depositions within the deadline. The parties request corresponding extension of other dates.

## III. REQUESTED RELIEF

The Parties have met and conferred in good faith and jointly STIPULATE and respectfully request that this Court extend the pre-trial deadlines by approximately ten weeks, or to whichever dates thereafter are convenient for the Court. The amended dates the parties jointly request are as follows:

| Case Event | Current Date | New Date |
|---|---|---|
| Fact discovery (or depo) cutoff | 10/9/2026 | 12/18/2026 |
| Expert discovery cut-off | 11/20/2026 | 2/19/2027 |
| Deadline for settlement conference | 1/25/2027 | 2/26/2027 |
| Deadline to hear motions | 2/1/2027 | 4/5/2027 |
| Deadline to file status report re settlement | 2/15/2027 | 4/19/2027 |
| <u>Deadline to file:</u><br>Proposed Pretrial Conference Order<br>Memoranda and Contentions of Fact and Law<br>Joint Witness List<br>Joint Exhibit List and Exhibit Stipulation<br>Proposed Verdict Form(s)<br>Proposed Jury Instructions / Disputed Jury Instructions | 3/29/2027 | 5/31/2027 |

| | | |
|---|---|---|
| Proposed Voir Dire Questions<br>Joint Statement of the Case<br>Amended Joint Status Report re: Settlement | | |
| Deadline to file MILs | 3/31/2027 | 6/2/2027 |
| Final Pretrial Conference | 4/5/2027<br>1:30 p.m. | 6/7/2027<br>1:30 p.m. |
| Deadline to file Oppositions to MILs | 4/7/2027 | 6/9/2027 |
| Hearing on MILs | 4/19/2027<br>1:30 p.m. | 6/21/2027<br>1:30 p.m. |
| Deadlijne to file Final Trial Exhibit Stipulation | 4/22/2027 | 7/1/2026 |
| Trial | 4/27/2027<br>9 a.m. | 7/6/2027<br>9 a.m. |

## IV. CONCLUSION

For the reasons set forth above, for good cause shown, the Parties STIPULATE and jointly respectfully request that the Court amend its scheduling order to extend the pre-trial deadlines as set forth above, or to whichever dates thereafter are convenient for the Court.

Respectfully submitted,

Dated: September 17, 2026

LAW OFFICE OF PETER BIBRING
LAW OFFICE OF MATTHEW STRUGAR

By: */s/ Peter Bibring*
PETER BIBRING

*Attorneys for Plaintiff*

Dated: September 17, 2026

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN KENEALY, Chief Asst. City Attorney

By: /s/ *Rebecca E. Hunter*
REBECCA E. HUNTER, Deputy City Attorney

*Attorneys for Defendants*

**Attestation of Electronic Signature**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 17, 2026

LAW OFFICE OF PETER BIBRING
LAW OFFICE OF MATTHEW STRUGAR

By: */s/ Peter Bibring*
PETER BIBRING

*Attorneys for Plaintiff*